UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WENDELL SMITH, | ) | 1:09-CV-02138 LJO SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| KEN CLARK, | ) | [Doc. #13] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections at Corcoran Substance Abuse Treatment Facility serving a term of 15 years to life for his 1983 conviction of second degree murder with use of a firearm. Petitioner challenges a parole hearing held on September 28, 2006, wherein Petitioner was denied parole.

Petitioner filed three petitions for writ of habeas corpus in the state courts with respect to his

---

[1]This information is derived from the state pleadings and documents attached to Respondent's motion to dismiss.

claims, as follows[2]:

    1.    <u>Los Angeles County Superior Court</u>
          Filed: November 28, 2007;
          Denied: May 27, 2008;

    2.    <u>California Court of Appeals, Second Appellate District</u>
          Filed: August 29, 2008;
          Denied: January 22, 2009;

    3.    <u>California Supreme Court</u>
          Filed: April 7, 2009;
          Denied: September 9, 2009.

(<u>See</u> Resp't's Answer Exs. 1-6.)

On December 3, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. Respondent filed a motion to dismiss the petition on June 23, 2010, for violating the statute of limitations. Petitioner filed an opposition on July 7, 2010.

## DISCUSSION

I. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." <u>See also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, *e.g.*, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

---

[2] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Therefore under the mailbox rule, the Court deems the various petitions filed on the date Petitioner signed and presumably handed his petition to prison authorities for mailing.

1   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
2   one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss
3   pursuant to its authority under Rule 4.

4   II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
6   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
7   habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
8   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
9   586 (1997).

10  In this case, the petition was filed on December 3, 2009, and therefore, it is subject to the
11  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
12  seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,
13  § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

25  28 U.S.C. § 2244(d).

26  In most cases, the limitations period begins running on the date that the petitioner's direct
27  review became final. In a situation such as this where the petitioner is challenging a parole denial,
28  the Ninth Circuit has held that direct review is concluded and the statute of limitations commences

when the final administrative appeal is denied. <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period).  In this case, Petitioner did not administratively appeal.  Pursuant to Cal. Penal Code § 3041(b), the last day to file an appeal was 120 days after the decision of the board, to wit, January 26, 2007.  The limitations period commenced the next day on January 27, 2007.  <u>See</u> <u>Webb v. Walker</u>, 2008 WL 4224619 *4 (E.D.Cal. 2008).  Petitioner had one year until January 26, 2008, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  Petitioner did not file his federal petition until December 3, 2009, which was almost two years after the limitations period had expired.

    A.  <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id</u>.

    Petitioner's first state habeas petition was filed in Los Angeles County Superior Court on November 28, 2007.  By then, 305 days of the limitations period had expired.  Respondent concedes the statute of limitations was tolled while the state petitions were pending as well as during the intervals in between until the final petition was denied by the California Supreme Court on

1  September 9, 2009.  The statute of limitations resumed the next day.  With 60 days remaining (365 -
2  305 = 60), the limitations period expired on November 9, 2009.  Petitioner did not file his federal
3  petition until December 3, 2009.  It is therefore untimely and must be dismissed.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after date of service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 3, 2010**          **/s/ Sandra M. Snyder**
                                UNITED STATES MAGISTRATE JUDGE