1

2

3

4

5

6

7 # UNITED STATES DISTRICT COURT

8 ### EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| WENDELL SMITH, | ) | 1:09-CV-02138 LJO SMS HC |
|          Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
|   v. | ) | |
| | ) | [Doc. #19] |
| KEN CLARK, Warden, | ) | |
| | ) | |
|          Respondent. | ) | |
| | ) | |

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.

18        On September 7, 2010, the Magistrate Judge issued a Findings and Recommendation that

19 recommended Respondent's motion to dismiss the petition be granted and the petition be dismissed

20 for violating the statute of limitations.  On October 13, 2010, the undersigned issued an Order that

21 adopted the Findings and Recommendation in full, dismissed the case, and directed that judgment be

22 entered.  The Clerk of Court entered judgment on the same date.

        On November 4, 2010, Petitioner filed the instant motion for reconsideration pursuant to

23 Federal Rules of Civil Procedure § 60(b).

24        Rule 60(b) of the Federal Rules of Civil Procedure provides:

25
26        On motion and just terms, the court may relieve a party or its legal representative from a final
        judgment, order, or proceeding for the following reasons:
                (1) mistake, inadvertence, surprise, or excusable neglect;
27                (2) newly discovered evidence that, with reasonable diligence, could not
                        have been discovered in time to move for a new trial under Rule 59(b);
28                (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner contends he should be granted equitable tolling because he provided his legal materials to a fellow inmate in order to assist in the preparation of his state habeas petitions, and that inmate was then placed in administrative segregation. Petitioner states he was without his legal materials as a result because the assisting inmate could not access them while in segregation. Petitioner states he relied on this other inmate because he is unable to prepare his petitions on his own.

Petitioner's arguments are without merit. First, Petitioner should have presented his case for equitable tolling in his opposition to Respondent's motion to dismiss, but he failed to do so despite raising a number of other arguments. Second, the assistance by fellow inmates that results in the filing of an untimely federal petition generally does not constitute grounds for equitable tolling. An inmate who entrusts another with his legal materials does so at his own peril. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986); Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999); see also, United States v. Cicero, 214 F.3d 199, 204 (D.C. Cir. 2000) (equitable tolling denied where the petitioner gave his legal materials to a fellow inmate who was placed in administrative segregation, thereby separating the petitioner and his legal papers for a period of time before expiration of the limitations period until after the deadline had passed). Petitioner fails to demonstrate that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way of filing a timely federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010).

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __December 10, 2010__         _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES DISTRICT JUDGE